UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FLORES-RAMIREZ,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Civil Case No.: 16cv1427-JAH<br>Criminal Case No.: 14cr415-JAH<br><br>**ORDER DENYING AS MOOT PETITIONER'S MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

## INTRODUCTION

This matter comes before the Court on Petitioner Roberto Flores-Ramirez's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No. 25. Respondent United States of America filed a Response in Opposition to Petitioner's motion. Doc. No. 27. Under Rule 4 of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that petitioner is not entitled to relief. See Rule 4 of the Rules Governing § 2255 Proceedings; *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). Having thoroughly considered the parties' briefing, the relevant record, and, in accordance with Rule 4, the Court **DENIES as moot** Petitioner's motion.

1

# BACKGROUND

On April 25, 2014, Petitioner, with the advice and consent of counsel, signed a plea agreement, admitting that he unlawfully re-entered the United States in violation of 8 U.S.C. § 1326. *See* Doc. No. 9. Specifically, Petitioner admitted as "true and undisputed" that on or about September 21, 2013, Petitioner was previously excluded, deported, and removed from the United States to Mexico and then was subsequently found in the United States. *See id.*

On May 6, 2014, a change of plea hearing was held before Magistrate Judge Nita L. Stormes. *See* Doc. Nos. 6, 11. The magistrate judge also determined that Petitioner's guilty plea was made knowingly and voluntarily, and did not result from force, threats, or promises. Doc. No. 10. On July 25, 2014, Petitioner was sentenced to 27-months in custody followed by two years of supervised release. *See* Doc. No. 17. Judgment was entered on July 29, 2014. *See* Doc. No. 18.

Then, on December 3, 2015, Petitioner, proceeding *pro se*, filed a *habeas* motion with the Ninth Circuit on the grounds of newly discovered evidence. Doc. No. 19. On January 6, 2016, the Ninth Circuit determined his appeal was untimely and dismissed Petitioner's case without prejudice. *See* Doc. Nos. 22, 23, 24. On June 6, 2016, Petitioner, proceeding *pro se*, filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the Court. *See* Doc. No 25. Respondent United States of America ("Respondent") filed a response in opposition on January 9, 2017. *See* Doc. No. 27.

# DISCUSSION

## 1. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his sentence on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005).

## 2. Analysis

As a threshold matter, the Court is aware that Petitioner was released from Bureau of Prisons custody on June 2, 2017.[1] Accordingly, Petitioner's motion to vacate, set aside, or correct his sentence must be **DENIED AS MOOT**. *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999) ("[A] defendant seeking relief under 28 U.S.C. § 2255 . . . must be in custody, [and] . . . claim the right to be released from custody."). Nevertheless, even if petitioner was still in custody, this Court would DENY his claim for relief.

Petitioner claims that he is entitled to relief based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016).

a. Waiver

Respondent contends the motion should be dismissed because Petitioner waived his right to collaterally attack his sentence. Petitioner waived his right to appeal or collaterally attack his sentence as part of his plea agreement. Doc. No. 9. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence). The scope of a section 2255 waiver may be subject to potential limitations, however, none of those limitations apply to the instant matter. *See Navarro-Botello*, 912 F.2d at 321 (a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made); *United States v. Littlefield*,

---

[1] According to the Bureau of Prisons Inmate Locater, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

3

Criminal Case No.: 14cr415-JAH
Civil Case No.: 16cv1427-JAH

105 F.3d 527, 528 (9th Cir. 1997) (a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement*); United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of his plea.).

### b. Procedural Default

Respondent argues Petitioner procedurally defaulted his challenge because he failed to file a timely appeal. A federal prisoner who fails to raise a claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under section 2255. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Respondent contends Petitioner cannot establish cause or prejudice to overcome the bar. As discussed above, Petitioner's direct appeal was based on newly discovered evidence. The Court finds there is neither cause or prejudice that would overcome the procedural default, as Petitioner's claim is not novel nor is there any indication of prejudice. *See Reed v. Ross*, 468 U.S. 1, 16 (1984) (a petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel."); *see also Molina-Martinez v. United States,* 136 S. Ct. 1338, 1346-47 (2016) (an application of an incorrect Guidelines range and sentencing affects a defendant's substantial rights.)

### c. *Johnson* and its Progeny

The Court in *Johnson*, 135 S. Ct. at 2563, held unconstitutionally vague the residual clause of the Armed Career Criminals Act ("ACCA"), which defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B). The Court later determined the decision in *Johnson* was substantive and has retroactive effect on collateral review in *Welch*.

Here, Petitioner is challenging the eight-point enhancement he received based on a prior conviction for violating California Penal Code § 459. Doc. No. 16. However, Petitioner's sentence enhancement was not prescribed by the residual clause, rather was

4

prescribed by the United States Sentencing Guidelines § 2L1.2(b)(C). Doc. No. 14. In light of this, the holding in *Johnson* does not apply to the instant matter. *See United States v. Hermoso-Garcia*, 413 F.3d 1085 (2005); *see also Ezell v. United States*, 743 Fed.Appx. 784 (9th Cir. 2018) ("If the sentencing record makes clear that the district court did not rely on the residual clause to find that a prior offense qualified as a predicate offense under the Armed Career Criminal Act, the petition does not rely on *Johnson* as to that offense.").

### d. Time-Barred

Finally, the instant petition is time barred, as Petitioner did not bring the motion within the statutory one-year limit, as prescribed by 28 U.S.C. 2255(f).

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence, [doc. no. 25], is **DENIED AS MOOT**.

DATED: December 2, 2019

_____
JOHN A. HOUSTON
United States District Judge